IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–5–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| BRANDON ROBERT WILSON, | |
| Defendant. | |

Before the Court is Defendant Brandon Robert Wilson's Motion for Early Termination of Supervision. (Doc. 35.) The United States defers to the Court's discretion. (*Id.* at 1.) United States Probation Officer Molly Danillo-Gasiewicz advises that Defendant meets the criteria for early termination. (*Id.*) For the reasons below, the Court grants the Motion.

**Background**

On December 21, 2021, Defendant was sentenced for two counts of tax evasion, in violation of 26 U.S.C. § 7201. (Doc. 30.) The Court sentenced Defendant to four years of probation on each count, to run concurrently with one another. (*Id.* at 2.) Defendant began serving his term of probation the same day. The Court also ordered Defendant to pay $40,151.75 in restitution to the United

1

States. (*Id.* at 5.) Defendant paid the restitution within 60 days of the Court's judgment. (Doc. 36 at 2.)

## Discussion

Under federal law, this Court:

> after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); *see also United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). Wilson has served over one year of his term of probation and is therefore statutorily eligible for the premature termination of his remaining term of probation.

In determining whether to grant an early termination of probation, courts consider certain factors. These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the

2

applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of probation context. *Emmett*, 749 F.3d at 821.

Defendant argues that his probation should be terminated because despite a lack of guidance as a child, his adult history on probation shows how he has been able to parent himself and self-correct. (Doc. 36 at 6.) Defendant has no reported violations of probation. (*Id.* at 7.) He has on substance abuse issues and has maintained his general contractor license operating under Shedhorn Construction prior to and throughout this case. (*Id.* at 6.) Defendant argues that based on his clear conduct while on probation, he has demonstrated a committed intention to remain in compliance with the law and to focus on maximizing opportunities life has presented to him. (*Id.* at 7.)

The Court agrees and believes Defendant can live a productive and law-abiding life without the supervision of the Court.

Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and

3

"protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 35) is GRANTED. Brandon Robert Wilson's term of probation is TERMINATED as of the date of this Order.

DATED this 25th day of June, 2025.

_____
Dana L. Christensen, District Judge
United States District Court